# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:10-cr-00242-1 |
| ) | Judge Nixon |
| DANIEL BRUCE LADEAU ) | |

## ORDER

Pending before the Court is Defendant Daniel Bruce LaDeau's Motion to Dismiss Superseding Indictment ("Motion"). (Doc. No. 72.) The Government has filed a Response in Opposition (Doc. No. 78), to which Defendant filed a Reply (Doc. No. 80), and the Government filed a Sur-Reply (Doc. No. 83). The Court held a hearing on Defendant's Motion on January 5, 2012. For the reasons stated below, Defendant's Motion is **GRANTED**, and the superseding indictment against Defendant is **DISMISSED**.

### I. BACKGROUND

In April of 2010, authorities became aware of letters—written in the form of coded messages—alleged to contain information about child pornography that had been sent between Defendant and his brother, David LaDeau. (Doc. No. 24-1 ¶ 19.) At the time that the letters were written, David LaDeau was in pretrial custody at a facility in Central Falls, Rhode Island in connection with an alleged assault on a minor male and possession of child pornography. (*Id.*) These letters were intercepted pursuant to an Immigration and Customs Enforcement ("ICE") summons, photographed, and routed to David LaDeau to prevent him from learning that the communications were being read and preserved. (*Id.*) The aforementioned letters had been translated from a "Russian" code, and provided to an inspector at the detention facility and an

1

Assistant United States Attorney. (*Id.* ¶ 20.) An affidavit accompanying the search warrant application for Defendant's residence asserts that David LaDeau described in these letters how Defendant could obtain and conceal child pornography. (*Id.* ¶ 24.)

On August 27, 2010, a search warrant signed by Magistrate Judge Bryant was executed at Defendant's residence. (Doc. No. 25-13.) The search executed pursuant to the warrant yielded three thumb drives, which contained over three hundred images of "what appeared to be child pornography/erotica," and a cell phone that contained approximately eighty images of "what appeared to be child pornography/erotica." (Doc. No. 25-14 at 2.) Ultimately, however, no child pornography was found on the cell phone. (Doc. No. 56 at 16.) Defendant was indicted on August 29, 2010, on a charge of knowingly possessing a computer and computer media containing images and videos of child pornography that had been transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(A). (Doc. No. 13.) The charge that the United States lodged against Defendant for violation of 18 U.S.C. § 2252A(a)(5)(A) has a sentencing range of zero to ten years. *See* 18 U.S.C. § 2252A(b)(2). Defendant was arrested on September 7, 2010 (Doc. No. 3), and detained pending resolution of the case against him (Doc. No. 12).

Defendant has previously challenged the sufficiency of the search warrant and affidavit that enabled law enforcement officers to carry out the search of his home during which the thumb drives were recovered. (Doc. No. 22.) His first motion to suppress was denied by an Order of the Court on May 25, 2011. (Doc. No. 51.) Defendant filed a supplemental motion to suppress on March 16, 2011 (Doc. No. 33), in which he sought to suppress the cell phone that was seized from his person on August 27, 2010, the statements he made during an interview with police on August 27, 2010, and the aforementioned thumb drives, due to alleged illegalities that

occurred when police initially interviewed him. (Doc. Nos. 33 & 46.) The Court held a hearing on Defendant's supplemental motion to suppress on May 26, 2011. On September 28, 2011, the Court entered an Order granting Defendant's supplemental motion to suppress, thereby suppressing the statements Defendant made during the August 27, 2010 interview with police and the thumb drives that police found in his residence. (Doc. No. 60 at 27.) The United States did not appeal the Court's ruling.

Defendant was scheduled to stand trial for the possession of child pornography charge on November 15, 2011. On November 10, 2011, a grand jury returned a superseding indictment against Defendant. (Doc. No. 68.) The superseding indictment charged him with conspiracy to receive child pornography in violation of 18 U.S.C. § 2252A(b)(1). (*Id.*) Conspiracy to receive child pornography carries a five-year mandatory minimum sentence, and a sentencing range of five to twenty years. 18 U.S.C. § 2252A(b)(1).

The instant Motion was filed on November 14, 2011. (Doc No. 72.) The United States filed its Response in Opposition on November 28, 2011. (Doc. No. 78.) Defendant then filed a Reply brief on November 30, 2011. (Doc. No. 80.) The United States filed a Sur-Reply on December 19, 2011. (Doc. No. 83.) The Court held a hearing on Defendant's Motion to Dismiss on January 5, 2012.

## II. LEGAL STANDARD

The Sixth Circuit has held that "[d]ue process prohibits an individual from being punished for exercising a protected statutory or constitutional right." *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005). "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *United States v. Goodwin*, 457 U.S. 368, 372 (1982) (internal citation omitted). The vindictive prosecution doctrine was

thus designed to prevent prosecutors from retaliating against defendants by charging defendants who assert protected rights with more severe charges as a result of their having asserted a protected right. *See United States v. Suarez*, 263 F.3d 468, 482 (6th Cir. 2001); *see also*, *United States v. Andrews*, 633 F.2d 449, 455 (6th Cir. 1980) (en banc) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)) ("Due process violation[s] in [vindictive prosecution] cases . . . lay not in the possibility that a defendant might be deterred from the exercise of a legal right . . . but rather in the danger that the state might be retaliating against the accused for lawfully attacking his conviction.").

Due process, however, "is not offended by all possibilities of increased punishment," *Poole*, 407 F.3d at 774 (internal citation omitted), and instead protects against only those actions showing either "actual vindictiveness" or "a realistic likelihood of vindictiveness," *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003) (internal citation omitted). A defendant can show actual vindictiveness by producing "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *Dupree*, 323 F.3d at 489. Such a showing is "exceedingly difficult" to make. *Id.* (internal citation omitted). Additionally, a defendant can demonstrate a realistic likelihood of vindictiveness by showing: "(1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; (4) the intent to punish the defendant for exercise of the protected right." *Suarez*, 263 F.3d at 479 (citing *Nat'l Eng'g & Contracting Co. v. Herman*, 181 F.3d 715, 722 (6th Cir. 1999)). "Presumably, if the first three elements are present, this may help establish grounds to believe the fourth is present, that there is the required 'realistic likelihood of vindictiveness,' which the government would have to rebut." *Suarez*, 263 F.3d at 479 (internal citations omitted). If a defendant can establish that there is a reasonable likelihood that the

4

government acted vindictively, then a presumption of vindictiveness is created and the government bears the burden of justifying the challenged action. *See Bragan v. Poindexter*, 249 F.3d 476, 482 (6th Cir. 2001).

The Sixth Circuit has held that prosecutorial vindictiveness can be exhibited by the pre-trial addition of charges following pre-trial assertions of protected rights. *Andrews*, 633 F.2d at 454. However, a superseding indictment "bringing additional charges is not sufficient to be presumptively unreasonable." *Suarez*, 263 F.3d at 480 (internal citations omitted). "Generally, a potentially vindictive superseding indictment must add additional charges or substitute more severe charges based on the same conduct charged less heavily in the first indictment." *Id.* (internal citations omitted) (noting that superseding indictment was not vindictive where it "was based to some extent on evidence unavailable at the time of the first indictment."). Furthermore, the Sixth Circuit has noted:

> A prosecutor who adds on extra charges after the exercise of a procedural right is arguably acting less vindictively than a prosecutor who substitutes a more severe charge for a less severe one. In the first situation, a prosecutor might well have made an honest mistake. This is especially true where a defendant has committed multiple criminal acts. However, in the second situation, the prosecutor will have already exercised his discretion, and the probability that the prosecutor acted vindictively is higher.

*Andrews*, 633 F.2d at 454 (internal citations omitted).

"Only objective, on-the-record explanations can suffice to rebut a finding of realistic likelihood of vindictiveness." *Andrews*, 633 F.2d at 456. "Two such explanations would be 1) governmental discovery of previously unknown evidence, 2) previous legal impossibility." *Id*. (citing *United States v. Andrews*, 444 F. Supp. 1238, 1243, 1244 n.10 (D. Mich. 1978)). In *Andrews*, the Sixth Circuit stated:

> The fact that the prosecutor said she made a mistake is not, by itself, sufficient to rebut. However, her claims that the Grand Jury was unavailable and that she was

> inexperienced do have an objective basis and deserve consideration. If, in light of
> the prosecutor's explanation, the district court no longer believes that there exists
> a realistic likelihood of vindictiveness, then the charge will not be barred.

*Andrews*, 633 F.2d at 456. Ultimately, a finding that a "realistic likelihood of vindictiveness" exists allows a court to bar charges "in appropriate situations without the need to find that the prosecutor acted in bad faith." *Andrews*, 633 F.2d at 455 (internal quotation omitted). "If after carefully assessing a prosecutor's seemingly retaliatory adding of charges, a court finds that the situation before it presents a realistic likelihood of vindictiveness, the ordinary remedy is to bar the augmented charge." *Id*.

### III. ANALYSIS

#### A. *Reasonable Likelihood of Vindictive Prosecution*

In his Motion, Defendant moves for the dismissal of the superseding indictment against him on the grounds of prosecutorial vindictiveness. (Doc. No. 72 at 1.) Defendant claims that the superseding indictment is the product of vindictive prosecution because it was filed to penalize him for exercising his right to suppress unconstitutionally seized evidence. (*Id*. at 5.) Defendant argues that the offense charged in the superseding indictment exposes him to a longer sentence than he would have faced as a result of the original possession of child pornography charge against him. (*Id*. at 6.) Defendant claims that the United States therefore "upped the ante" by choosing a conspiracy charge with a harsher penalty instead of one carrying the same penalty as the original charge, even though the United States could have sought a superseding indictment for a conspiracy charge carrying the same penalty as his original charge. (Doc. No. 80 at 1.) Defendant also emphasizes that the charge in the superseding indictment is supported by evidence that the United States possessed before it first charged Defendant. (Doc. No. 80 at 1.)

6

Defendant further argues that the circumstances surrounding the filing of the superseding indictment would lead a reasonable person to believe that a realistic likelihood of vindictiveness exists. (Doc. No. 72 at 6.) Defendant specifically alleges that the United States' decision to charge him with conspiracy to receive child pornography is unreasonable because once the Court suppressed the evidence that Defendant challenged, the United States "had four potential options other than dismissal of the case, only one of which would expose Defendant to a harsher penalty range." (Doc. No. 80 at 3.) He claims that the United States could have (1) appealed the Court's suppression ruling; (2) charged him with a conspiracy to possess child pornography under 18 U.S.C. § 2252A(b)(2), which carries a sentencing range of zero to ten years; (3) charged him with conspiracy to possess or receive child pornography under 18 U.S.C. § 371, which carries a sentencing range of zero to five years; or (4) charged him with conspiracy to receive child pornography under 18 U.S.C. § 2252A(b)(1), which carries a sentencing range of five to twenty years. (Doc. No. 80 at 3.)[1] Defendant claims that the United States' "choice of the route triggering the harsher penalty certainly triggers the presumption of vindictiveness." (*Id.* at 3-4.)

The United States responds that Defendant's Motion should be denied because Defendant has not met the standard for establishing vindictive prosecution. (Doc. No. 78 at 3.) The United States claims that Defendant has not demonstrated that the charges in the superseding indictment were "lodged to punish him for seeking suppression or that lodging the new charges based on alternative evidence was unreasonable in light of the Court's order suppressing the evidence on

---

[1] Defendant also explains that at the time that the United States originally charged him, the evidence it possessed against him included his correspondence with his brother, his statements to police, and the alleged child pornography found at his residence. Defendant claims that, based on the evidence the United States possessed, the United States could have initially charged him with five different offenses: (1) possession of child pornography, carrying a sentencing range of zero to ten years; (2) conspiracy to possess child pornography, carrying a sentencing range of zero to ten years; (3) receipt of child pornography, carrying a sentencing range of five to twenty years; (4) conspiracy to receive child pornography, carrying a statutory range of five to twenty years; or (5) conspiracy in violation of 18 U.S.C. § 371 to possess or receive child pornography, carrying a statutory range of zero to five years. (Doc. No. 80 at 2-3.)

which the original charges were based." (*Id.*)  The United States argues that it exercised its prosecutorial discretion in seeking a superseding indictment based on evidence that existed against Defendant that was not suppressed, and that its decision to do so was reasonable and proper. (*Id.*)  Specifically, the United States argues that Defendant has not made any specific allegations of unreasonableness, and that the Motion should therefore be denied for failure to meet the legal standard for vindictive prosecutions. (*Id.* at 3-4.)  The United States claims that its objective in seeking the new charge against Defendant was to "avail itself of alternative evidence, not to punish the defendant for the exercise of a right." (*Id.* at 4.)  The United States argues that even if a presumption of vindictive prosecution exists, "the government has rebutted the presumption of vindictiveness by showing that objective information exists in the record to justify an increased sentence or additional charges." (*Id.*)  The United States also notes that it has probable cause to believe that Defendant and his brother committed conspiracy to receive child pornography, as found by a federal grand jury on November 10, 2011. (*Id.*)

As a threshold issue, the Court must determine whether the superseding indictment either increased the severity of the charges against Defendant or exposed Defendant to a more serious punishment.  "[T]he doctrine of vindictive prosecution does not apply, when . . . there has been no increase in the severity of the charge or the sentence imposed." *United States v. Kinsey*, 994 F.2d 699, 701 (9th Cir. 1993).  The Court finds that by charging Defendant with an offense carrying a mandatory minimum sentence, where the original charge did not carry a mandatory minimm sentence, the superseding indictment increased the severity of the charges against Defendant.

Because Defendant has not alleged that the prosecution engaged in actual vindictiveness, the Court will only consider whether he has presented evidence establishing a realistic likelihood

8

of vindictiveness. In evaluating whether Defendant has established a realistic likelihood of vindictiveness, the Court, following the test articulated in *Suarez*, finds that Defendant exercised a protected right when he filed a motion to challenge the admissibility of evidence that the Government planned to use against him. The Court must now determine whether the prosecution had a stake in Defendant's exercise of his right to suppress evidence.

Having reviewed the record, the Court finds that the United States had a significant stake in the outcome of Defendant's suppression motion, as the suppression motion concerned the evidence forming the basis of the United States' original charge against him for possession of child pornography. The effect of the Court's September 28, 2011 Order, which suppressed evidence that the Government had planned to use in its case against Defendant, was to make the United States' possession of child pornography more difficult to prove, as the Order rendered inadmissible the materials alleged to be the child pornography that Defendant possessed.

Because the Court has found that the Government had a stake in Defendant's exercise of his right to seek suppression of evidence, the Court must now decide whether Defendant has demonstrated that the Government's conduct in connection with the superseding indictment was unreasonable. In evaluating the reasonableness of the United States' conduct, the Court notes that the United States initially brought only one charge, which carried no mandatory minimum sentence, against Defendant. Only after Defendant prevailed on his suppression motion did the United States seek a superseding indictment charging him with an offense carrying a mandatory minimum five-year sentence. Here, the Government has "substitute[d] more severe charges based on the same conduct charged less heavily in the first indictment," which the Sixth Circuit in *Suarez* noted is more likely to constitute vindictive prosecution than the mere insertion of additional charges. *See* 263 F.3d at 480.

The superseding indictment against Defendant charges him with a violation of 18 U.S.C. § 2252A(b)(1) for conspiring to violate the statute's prohibition on knowingly receiving materials containing child pornography. (Doc. No. 68.) The United States presumably used evidence derived from Defendant's correspondence with his brother to demonstrate that it had probable cause to charge Defendant with conspiracy to receive child pornography. Defendant notes that, following the Court's September 28, 2011 Order suppressing the evidence that the government had planned to use, the United States could have pursued several options with regard to filing a superseding indictment against him. (Doc. No. 80 at 3.)

Defendant alleges that one option that the United States could have pursued would have been to charge him with conspiracy to possess child pornography in violation of 18 U.S.C. § 2252A(b)(2), an offense carrying the same sentencing range as the original possession of child pornography charge. (*Id*.) Section 2252A(b)(2) punishes those who conspire to knowingly possess or knowingly access with intent to view materials containing child pornography. The evidence needed to prove the superseding charge of conspiracy to receive child pornography does not differ significantly from the evidence needed to prove a conspiracy to possess child pornography. Because the Government had evidence that could be used to prove a charge of conspiracy to possess child pornography—namely, the letters sent between Defendant and his brother—it could have elected to pursue that charge, which carries no mandatory minimum sentence.

Defendant also argues that the United States could have charged him under 18 U.S.C. § 371 for his activities involving child pornography. (Doc. No. 80 at 3.) During the hearing on this Motion, the United States argued that 18 U.S.C. § 371 is not typically used to prosecute child pornography cases. Defendant, however, has cited a 1998 case from the Sixth Circuit,

*United States v. Hibbler*, 159 F.3d 233, 235 (6th Cir. 1998), in which prosecutors in the Western District of Michigan charged a defendant who had traded images of child pornography with conspiracy to ship and receive images depicting child pornography in violation of 18 U.S.C. § 371. Thus, 18 U.S.C. § 371 can in fact be used in prosecuting child pornography offenses.

The Sixth Circuit has established that both the discovery of new evidence not available at the time of the original indictment and "previous legal impossibility" will suffice as objective explanations for the substitution of more a severe charge after a defendant has exercised a constitutionally-protected right. *See Andrews*, 633 F.2d at 456, n.10. Neither of those explanations exists in this case. The Government possessed the evidence that it now seeks to use against Defendant at the time that it filed its original indictment against him, and there was no legal impossibility preventing the Government from initially brining the charge contained in the superseding indictment Defendant with the charge in the superseding indictment.

As previously discussed, the prosecution in this case had more than one charging option that would have allowed it to use unsuppressed evidence to prosecute Defendant. Therefore, the Court finds that it was presumptively unreasonable for the Government to charge Defendant with an offense carrying a mandatory minimum sentence where the original charge the United States brought against Defendant did not carry a mandatory minimum sentence, and where the United States could have filed a superseding indictment against Defendant for an offense carrying no mandatory minimum sentence.

Because a finding that the first three factors of the *Suarez* test are present is sufficient to create an inference that the prosecution intended to act vindictively, the Court finds that Defendant has established a realistic likelihood of vindictiveness. *See Suarez*, 263 F.3d at 479 ("Presumably, if the first three elements are present, this may help establish grounds to believe

11

the fourth is present, that there is the required 'realistic likelihood of vindictiveness,' which the government would have to rebut.") (internal citations omitted).

        *B. Government Justification for Challenged Action*

The Court now turns to United States' arguments to rebut the presumption of vindictiveness. Defendant asserts that the United States "has given no reason for refraining from appealing and for thereby deviating from the course it originally chose," and that it "has given no reason for choosing to charge Defendant with the type of conspiracy offense that carries the longest penalty, which is a penalty much harsher than that of the original charge." (Doc. No. 80 at 4.) Defendant ultimately argues that "because the [United States] has failed to prove any justification for that choice, that choice impermissibly reflects vindictiveness and the charge must be dismissed." (*Id*.) (internal citations omitted).

The United States claims that it chose to indict Defendant for conspiracy to receive child pornography in order to "avail itself of alternative evidence, not to punish the defendant for the exercise of a right." (Doc. No. 78 at 4.) The United States also argues in a conclusory fashion that the record contains objective information justifying the new charge (*Id*. at 4), and that it "exercised its prosecutorial discretion in seeking a superseding indictment based on evidence that existed against defendant that was not suppressed" (*id*. at 3).

Though the United States argues that "it is patently reasonable to bring a superseding indictment containing an additional charge when a court rules evidence supporting the current charge is inadmissible" (*Id*. at 3), it fails to recognize that, in filing the superseding indictment against Defendant, it did not merely file an additional charge against Defendant; rather, it charged Defendant with a crime carrying a mandatory minimum sentence, while the crime for which Defendant was first indicted did not carry a mandatory minimum sentence.

During the hearing on this Motion, the United States claimed that it selected the charge in the superseding indictment because it allowed the United States to present "the best case" against Defendant. This explanation does not suffice to rebut the presumption of vindictiveness, as it is a subjective explanation, and "[o]nly objective, on-the-record explanations can suffice to rebut a finding of realistic likelihood of vindictiveness." *Andrews*, 633 F.2d at 456. The United States also notes that it "has probable cause to believe that defendant and his brother committed conspiracy to receive child pornography, as found by a federal grand jury on November 10, 2011." (Doc. No. 78 at 4.) Probable cause to believe that Defendant committed the crime charged in the superseding indictment, however, does not explain why the Government chose to indict Defendant for a charge carrying a mandatory minimum sentence when the original charge against Defendant did not carry a mandatory minimum charge, and when the Government could have elected to charge Defendant with a crime carrying no mandatory minimum sentence using the same evidence.

Moreover, during the hearing on Defendant's Motion, the United States did not offer any specific reasons for why the superseding charge would make for a better case than the other charges available to it. The United States has offered nothing more than conclusory statements in its explanation of why it made the decision to bring this specific charge against Defendant in the superseding indictment. At no point in its briefing or at oral argument, did the United States claim that the alternative charges were not feasible.

The United States also claims that *United States v. Poole* is applicable to the instant case. In *Poole*, after a mistrial, prosecutors re-indicted the defendant on more severe charges in order to permit the introduction of evidence that was not allowed in the defendant's first trial. *See* 407 F.3d at 777. The Sixth Circuit found that prosecutors had provided an adequate objective

13

explanation for filing the new charges against the defendant because the filing of additional charges was based on the prosecutor's re-evaluation of the case. The Sixth Circuit explained:

> It is clear that the government has adequately rebutted any presumption of vindictiveness by showing that its decision to re-indict was not motivated by a vindictive desire to punish the defendant for exercising his right to trial, but rather a re-evaluation of the case, in light of all the evidence elicited during trial, subsequent jury discussions, and evidentiary rules affecting the admissibility of relevant evidence.

*Id.* at 777. The original indictment against the defendant in *Poole* contained only one charge, while the superseding indictment contained three charges. *Id*. at 769. The Court finds that while *Poole* and the case at bar may be facially similar because both involve superseding indictments that are harsher than the original indictments, *Poole* is distinguishable. In *Poole*, the Sixth Circuit did not find that the prosecution could have feasibly charged the defendant with charges less severe than those the government ultimately pursued in the superseding indictment. In the case at bar, Defendant has demonstrated that the United States had several options that would have enabled it to present the "alternative evidence" it sought to use, but which would not have been more severe in terms of punishment.

The Court recognizes that having to explain, in detail, why certain charges were stronger than others based on the evidence available to the United States might be detrimental to the United States' case against Defendant —especially if the United States plans to re-indict Defendant in the event the Court dismisses the current indictment. The Court notes, however, that there are multiple ways the Government could have presented specific evidence to the Court without defense counsel gaining knowledge of such evidence. The Government could have filed supplemental briefing on this matter under seal and *ex parte*, or could have presented evidence to the Court *in camera*. The United States, however, did not opt to use any of these available

14

methods for presenting evidence that may have rebutted the presumption of vindictiveness to the Court.

The Court finds that the situation in this case is analogous to that in *United States v. Motley*, 655 F.2d 186 (9th Cir. 1981). In *Motley*, the Ninth Circuit held that the government's decision to simplify its case against the defendant justified its post-trial reformulation of the charges to exclude the more complicated counts, but did not justify the increased severity of the charges against the defendant, as the government could have simplified the trial without increasing the severity of the charges. *Id.* at 189. The court stated:

> We agree with the government that the decision to reformulate the charges is justified by the factors it relies upon. What the government needs to justify, however, is not the change in the nature of the charges in the indictment, but the increase in the severity of the charges in the indictment. This it has not done. The government could have framed an indictment charging substantive drug offenses whose maximum terms were no greater than those facing the defendant at the first trial. The government chose to frame a more severe indictment. That is the choice that raises the appearance of prosecutorial vindictiveness, and that is what it has failed to justify.

*Id.* The United States argued during the hearing on this matter that *Motley* is distinguishable, and therefore inapplicable to the instant case. The Court finds, however, that the only material difference between *Motley* and the instant case is the fact that in *Motley*, the superseding indictment was filed after a mistrial, whereas the superseding indictment in this case was filed after a pre-trial motion to suppress. Despite the difference in timing, both involve defendants "faced with a potentially longer prison term as a consequence of successfully" exercising a protected right. *Id.* at 189.

Here, the United States has the burden to rebut the presumption of vindictiveness, but has failed to do so. Ultimately, the United States had multiple options in regard to charging Defendant after his successful suppression motion. The United States chose the option with the

15

most severe penalty, and failed to justify why that choice was objectively superior to others. Where, as here, a prosecutor faced with several viable options in regard to indicting a defendant selects the charge that would result in the harshest penalty against the defendant and fails to justify its selection through references to the evidence it relies on for charges, the presumption of vindictiveness cannot be rebutted.[2]

Because the Court finds that the Government has not met its burden of rebutting the presumption of vindictiveness, the charge in the superseding indictment against Defendant must be dismissed.[3] *See*, *e.g.*, *id.* at 190 (internal citations omitted) (holding that because the prosecution could not rebut the appearance of vindictiveness, "the entire indictment must therefore be dismissed," but adding that "[t]he government is free to seek a new indictment which is consistent with this opinion"). To that end, the Court notes that although it orders the dismissal of the charge in the superseding indictment against Defendant, the United States may still re-indict Defendant.

### IV. GRAND JURY TESTIMONY

Additionally, in his Reply, Defendant requests access to the transcript of the proceedings before the grand jury that handed down the superseding indictment against him in order to verify that the superseding indictment was based exclusively on non-suppressed evidence. (Doc. No. 80 at 5.) Defendant justifies his request for access to the grand jury proceedings by asserting that

---

[2] To be clear, the Court does not hold that prosecutors may not re-indict a defendant with a charge that carries a harsher penalty than the penalty for the original charge after a defendant has successfully exercised a constitutional right. The Court emphasizes that its holding in this case is limited to the facts of the case, as the Government failed to meet its burden of presenting evidence to rebut the presumption of vindictiveness established by Defendant.

[3] Defendant has also moved for the dismissal of the superseding indictment against him on the grounds of prejudicial preindictment delay. (*See* Doc. No. 72 at 1.) Because the Court dismisses the superseding indictment on the ground of vindictive prosecution, the Court will not reach Defendant's arguments regarding prejudicial preindictment delay.

16

the reasons for which grand jury proceedings are usually kept confidential do not apply to this case. (*Id*.)

The United States responds to Defendant's request for access to the grand jury transcripts by asserting that Defendant has not shown that he has the requisite particularized need for access to the grand jury transcripts. (Doc. No. 83 at 1.) The United States explains that Defendant's mere desire for access to the grand jury materials "falls far short of the threshold for disclosure of the materials." (*Id*. at 2.)

The Sixth Circuit, citing Federal Rule of Criminal Procedure 6(e)(2), has stated that the "'General Rule of Secrecy' that normally prohibits disclosure of matters occurring before grand juries . . . reflects a 'strong' and 'long-established policy' from which departures are permitted . . . only in cases of 'compelling necessity' . . . " *In re Grand Jury Proceedings*, 841 F.2d 1264, 1268 (6th Cir. 1988) (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 681-82 (1958)). The Sixth Circuit has also noted that the "compelling necessity" allowing for the disclosure of grand jury materials may occur in situations "where there is proof that without access to the grand jury materials a litigant's position would be 'greatly prejudiced' or 'an injustice would be done.'" *Id.* (quoting *Procter & Gamble*, 356 U.S. at 681-82). The Supreme Court has stated that allowing the disclosure of grand jury transcripts requires "a strong showing of particularized need" for the grand jury materials at issue. *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983). Specifically,

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed . . .

*Id*.

The Court agrees with the United States that Defendant "has failed to show a particularized need for the grand jury transcripts other than to test his own theory." (Doc. No. 83 at 3.) Defendant's vague and unspecified concern that the United States may have presented suppressed evidence to the grand jury in order to obtain the superseding indictment against him is too speculative to satisfy the particularized need requirement. Because Defendant has not met the strict requirements for release of grand jury transcripts, Defendant will not be granted access to the grand jury transcripts.

V.   **CONCLUSION**

For the reasons stated above, Defendant's Motion is **GRANTED**, and the superseding indictment against him is **DISMISSED**.

It is so ORDERED.

Entered this the ___8th___ day of May, 2012.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT