**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 3:10-00242** |
| | ) | **Judge Sharp** |
| | ) | |
| **DANIEL BRUCE LaDEAU** | ) | |

**ORDER**

This is a criminal case in which Defendant brothers LaDeau (who for ease of reference are referred to herein as simply David and Daniel) are charged in a Superseding Indictment with conspiring with each other to knowingly receive child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) & 2252A(b)(1). The conspiracy charge is based primarily upon numerous letter that the brothers exchanged between March and August 2010, while David was in federal pretrial detention in Rhode Island, and Daniel was living in Tennessee.

On February 6, 2015, David pled guilty to an Information charging the lesser included offense of conspiring to possess child pornography. The conspiracy to receive charge remains pending against Daniel, and he has filed the following motions in anticipation of trial: (1) Motion to Exclude Statements of Co-Defendant (Docket No. 151), which the Court took under advisement after hearing on February 9, 2015; (2) Motion for Hearing (Preliminary) on Evidentiary Issues (Docket No. 166); and (3) Motion in Limine to Exclude Evidence Under Rules 401, 403, 404(b) and 802 (Docket No. 192).

Turning first to the Motion to Exclude, Daniel moves to exclude at trial the statements David made in his letters because they are hearsay within the meaning of Rule 802 of the Federal Rules of Evidence. That Rule generally proscribes the use of hearsay, but Rule 801(d)(2)(e) provides that

1

a statement is not considered hearsay if it is offered against a party and made by a party's coconspirator in furtherance of the conspiracy.

For the exception in Rule 801(d)(2)(e) to apply, however, the government must show by a preponderance of the evidence that a conspiracy existed, that the conspiracy involved the declarant and the defendant, and that the statement was made in furtherance of and during the course of the conspiracy. Bourjaily v. United States, 483 U.S. 171, 175 (1987). Commonly known as the Enright requirements after United States v. Enright, 579 F.2d 980 (6th Cir. 1978), "[w]hether the offering party has met this burden is a preliminary question of fact for the trial judge[.]" United States v. Kone, 307 F.3d 430, 442 (6th Cir. 2002). "In determining whether the Enright requirements have been met, the district court may consider the co-conspirator statements themselves, Bourjaily, 483 U.S. at 181; United States v. Wilson, 168 F.3d 916, 920 (6th Cir. 1999), but the defendant's knowledge of, and participation in, the conspiracy must be supported by independent, corroborating evidence other than co-conspirator hearsay. United States v. Benson, 591 F.3d 491, 502 (6th Cir. 2010)." United States v. Tatum 462 F. App'x 602, 606 (6th Cir. 2012). Further, "[a] trial judge may . . . conditionally admit alleged coconspirator statements subject to a later determination of their admissibility." United States v. Kone, 307 F.3d at 440.

Defendant concedes, for purposes of his Motion only, that "at worst," the "letters reflect that . . . [Daniel] indicated he liked erotic images of minors and was having some difficulty finding them on the Internet; his brother gave him some tips about Google searches or websites to visit; and [Daniel], while rejecting some suggestions, indicated he tried to follow up on others." (Docket No. 151 at 1). In his Reply, he argues that "the government is trying to fit a square peg into a round hole" because what the letters show is "only that the codefendant [David] aided and abetted [Daniel]

2

in possessing child pornography, not that the two entered into a conspiracy to possess it[.]  (Docket No. 189 at 1 & 2).

"Conspiracy differs from aiding and abetting because conspiracy involves an agreement to participate in a wrongful activity, while aiding and abetting can be accomplished if the defendant 'knowingly gave substantial assistance to someone who performed wrongful conduct,' even if the defendant did not necessarily agree to join in the conduct."  United States v. Thompson, 501 F. App'x 347, 361 (6th Cir. 2012).  Although conspiracy "involves the additional element of preconcert and connivance not necessarily inherent in the mere joint activity common to aiding and abetting,'" United States v. Tate, 136 F. App'x 821, 828 n.6 (6th Cir. 2005) (citation omitted), the two concepts of criminal liability are not necessarily mutually exclusive because "[t]ypically, the same evidence will support both a conspiracy and an aiding and abetting conviction."  United States v. Vasquez, 677 F.3d 685, 695 (5th Cir. 2012).  In any event, the evidence which Daniel claims merely shows an aiding and abetting agreement also suggests an agreement sufficient enough for the court to "exercise its prerogative to conditionally admit [David's] statements 'subject to later demonstration of their admissibility by a preponderance of the evidence.'"  United States v. Robinson, 390 F.3d 853, 857 (6th Cir. 2004) (quoting United States v. Vinson, 606 F.2d 149, 153 (6th Cir. 1979)).

In response to Daniel's Motion, the Government has provided a sampling of several letters, consisting of some 95 pages, alleged to have been exchanged by the brothers.  This Court has reviewed those letters and finds them sufficient for now to allow the Government to present them at trial.

Daniel's letters are not hearsay with respect to him, and the letters written by David were clearly written in response to those penned by Daniel.  The brothers developed a code through which

they discuss their mutual interest in young males, and the letters contain written descriptions of child pornography and the sexual exploitations of young children. Daniel laments the fact that he is not finding what he wants online, and writes about looking elsewhere. David then counsels Daniel on where best to look, congratulates him for getting on the internet and tells him to go to "newsgroups," and "share groups – special codes, special programs." David also instructs Daniel to search certain terms which allowed him (David) to find "thousands of pics"; encourages Daniel to keep searching for terms like "doy lovers, man doy, preteen doys, etc."; tells him that out of 100,000 newsgroups "maybe 50" would have "CP"; advises Daniel that there are many places "where this stuff is not illegal"; and observes that there are many laws regarding CP but they "will never stop it." David also states that, to find what he was looking for, Daniel needed to "go outside of the box" and "tak[e] risks."

Although Daniel wrote a letter to David in which he said that he did not want to get new library cards or travel to other cities to obtain "simple boy model pix" or join news groups, and that he did not want to "think like a criminal," but rather wanted to get just "what comes EZ," this does not necessarily mean that there was never a meeting of the minds between the brothers. After all, "to prove that a conspiracy existed, the government need not show a formal written agreement." United States v. Fisher, 648 F.3d 442, 450 (6th Cir. 2011). Rather, "[a] showing of 'tacit or mutual understanding among the parties' is sufficient," and even circumstantial evidence from which a "reasonable person could interpret as showing participation in a common plan" is sufficient to establish as conspiracy. Id. (citation omitted).

In lieu of exclusion of the letters, Defendant requests that the Court hold a preliminary hearing to address the admissibility of the letters which the Government intends to introduce at trial.

He points out that the letters (including the translation of coded language) is about 700 pages and argues that they raise various evidentiary issues, including relevancy and undue prejudice. He further argues that if the Government intends to introduce certain portions of the letters, then he should be made aware of what they are so that he can determine whether other portions should be sought to be admitted under the rule of completeness which "allows a party to correct a misleading impression created by the introduction of part of a writing or conversation by introducing additional parts of it necessary to put the admitted portions in proper context." United States v. Holden, 557 F.3d 698, 705 (6th Cir. 2009).

The Court agrees with Defendant that waiting until trial to address admissibility would be unwieldy and inefficient. It would also be unfair to the jury to have to wait while the Court resolves what may prove to be interminable objections. This conclusion is only underscored by the fact that, in anticipation of the trial date which has since been continued, Defendant filed a Motion in Limine which addressed some 35 letters and raised objections ranging from relevance, to undue prejudice, to not being within the scope of the conspiracy, to falling outside the scope of the child pornography statute, to impermissible character evidence, and to being hearsay not otherwise allowed under the conspiracy exception. Moreover, Daniel claims that he has not seen some of the letters, but instead relies on the summary provided in his brother's sentencing documents, while other letters are unreadable.

To try this case in an orderly fashion, and to provide Defendant with a fair trial, the Court finds it necessary to address issues of admissibility pretrial. The Court will require the Government to disclose the portions of the letters that intends to introduce in its case in chief, provide Defendant an opportunity to file objections, allow the Government to respond, and hold a hearing before trial.

Accordingly, the Court rules as follows:

(1) Defendant's Motion to Exclude Statements of Co-Defendant (Docket No. 151) is hereby DENIED. The Court will conditionally admit the statements, subject to the Government establishing a conspiracy in accordance with the Enright requirements by the close of its case-in-chief.

(2) Defendant's Motion for Preliminary Hearing (Docket No. 166) is hereby GRANTED. On or before February 26, 2015, the Government shall identify or provide (in a readable form) counsel for Defendant and the Court with the precise portions of the letters that it intends to use in its case-in-chief, identifying the statements it believe constitutes the agreement or were made in furtherance of the conspiracy. Defendant shall file any objections, setting forth the grounds therefore, on or before March 4, 2015, and the Government shall file any response by noon on March 9, 2015. The Court will hold a hearing on admissibility at 9:00 a.m. on March 10, 2015.

(3) Defendant's Motion in Limine (Docket No. 192) is hereby DENIED AS MOOT.

(4) Trial in this case is hereby RESET to commence at 9:00 a.m. on March 24, 2015.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE